IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

(1) DAVID BARD AS FATHER AND )
NEXT FRIEND OF (2) A. B AND )
(3) D. H. B, MINORS )
        PLAINTIFFS )
)
vs. )    CIV-07
)
)
JOHN WHETSEL IN HIS CAPACITY AS )
OKLAHOMA COUNTY SHERIFF IN )    **ATTORNEY LIEN**
CHARGE AND CONTROL OF THE )    **CLAIMED**
JAIL, AND OKLAHOMA COUNTY, )
OPERATING THE OKLAHOMA )
COUNTY JAIL, JANE DOE JAILER, AND )    **JURY TRIAL**
JOHN DOE JAILER )    **DEMANDED**
)
        DEFENDANTS )

## COMPLAINT

Plaintiffs for their causes of action state:

1. The Petitioners are citizens of the United States of America and residents of Oklahoma City, County of Oklahoma, State of Oklahoma.

2. John Whetsel at all times material hereto was the duly elected Sheriff of Oklahoma County and at all times material herein was serving in that capacity.

3. Oklahoma County is a governmental subdivision of the State of Oklahoma.

4. That Jane Doe and John Doe were employees of Sheriff John Whetsel working at the Oklahoma County Jail at all times relevant to this claim.

5. This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

6. That the Petitioners have fully complied with the Oklahoma Governmental Tort Claims Act.

7. David Bard is the father and next friend of A.B., age 3 and D.H.B., age 5 and all three reside in Oklahoma County, State of Oklahoma.

8. On July 18, 2006, Plaintiffs filed a formal claim under the Oklahoma Governmental Tort Claims Act against Oklahoma County for the wrongful death of Somar Bakar the natural mother of A.B. and D.H.B.. The claim number is TC-06-032. The claim was deemed denied 10-16-06. Plaintiff has 180 days from that date to sue on the Oklahoma Governmental Tort Claim Act.

9. The Governmental Tort Claim arises under 28. U.S.C. § 1367.

10. That Plaintiffs' decedent Somar Bakar had been arrested placed and in the Oklahoma County Jail under suicide watch and later committed suicide by hanging herself.

11. This claim arises under 42 U.S.C. § 1983 the civil Rights Act with jurisdiction under 28 U.S.C. § 1343, to redress the deprivation under color of State law, regulation, custom and usage of the decedent's rights privileges and immunity secured by the United States Constitution as applied under section 5 of the Fourteenth Amendment thereto.

12. Each of the acts of the Defendant's employees acting the scope of their employment were done under color of law, pretense of State statutes, Department of Human Services regulations, its customs and under the authority of the Oklahoma County Sheriff and the Oklahoma County Jail.

13. That John Doe, Jane Doe and the Defendants agents, servants and employees either negligently failed to maintain a proper and reasonable suicide watch over Plaintiffs' decedent or the County's employees intentionally disregarded the safety and health of Plaintiffs' decedent that resulted in her death.

14. That John Doe, Jane Doe and the Defendants' employees taunted, jeered, threatened, harassed and generally tormented Plaintiff's decedent until she died; and all the incessant verbal abuse was done in total disregard of their consequences and were done with an intent to persecute Plaintiffs' decedent as punishment for the acts she was alleged to have committed.

15. That the acts and verbal abuse alleged in paragraphs thirteen and fourteen were acts which the Defendants' jail employees are hired to prevent.

16. That the acts referenced in paragraphs thirteen and fourteen were malicious, willful and wanton and were all committed with the appearance of authority of law whether or not intended as such.

17. That Defendants' employees acts occurred while Plaintiffs' decedent was incarcerated and Defendants' employees had complete and total control over Plaintiffs' decedent.

18. That as a result of Defendants' employees' acts of malfeasance and nonfeasance the Plaintiff committed suicide.

19. That under the United States Constitution the Plaintiffs' decedent had a right to be secure in her person and a right to not be deprived of her life.

20. That the conduct of Defendants' employees was unprivileged, willful, malicious and made with the intent to cause Plaintiffs' decedent severe mental pain and distress.

21. That either Sheriff John Whetsel failed to properly screen, train, counsel his jail employees or he failed to properly supervise them or he failed to properly supervise his employees and that said failures led to Plaintiffs' decedent's death.

22. That the Sheriff Whetsel was aware of other deaths in his facility and knew or should have known that some corrective action needed to be taken to protect the inmates within his jail;

nevertheless, the Sheriff failed to take corrective action and as a result Plaintiffs' decedent committed suicide while on suicide watch.

23. That Oklahoma County had a continuing duty to persons who were placed in the Oklahoma County jail to see that they were properly treated and protected. That Oklahoma County failed to properly protect Somar Bakar, resulting in her death.

24. That all the above and foregoing acts of malfeasance and nonfeasance led to the wrongful death of Somar Bakar and as a result the minor Plaintiffs lost their mother and have been injured and damaged.

25. That the acts, conduct and behavior of Respondents, and each of them, were performed knowingly, intentionally, and maliciously, by reason of which Petitioners are entitled to an award of punitive damages in excess of $75,000.

    WHEREFORE Plaintiffs prays for judgement against John Doe, Jane Doe, Defendant Oklahoma County operating the Oklahoma County Jail and Defendant John Whetsel for actual damages in excess of $75,000 and punitive damages in excess of $75,000 for violation of Plaintiffs decedent's civil rights or in the alternative for actual damages against Defendant John Whetsel and Oklahoma County operating the Oklahoma County Jail for negligently failing to prevent Plaintiffs' decedent from committing suicide while on suicide watch.

                                                  S/ R. Robyn Assaf
                                                  R. Robyn Assaf OBA # 15180
                                                  4312 Classen Blvd.
                                                  Oklahoma City, Oklahoma 73118
                                                  405-525-0777
                                                  405-557-0777
                                                  Rrobyna@cs.com